```
IN THE UNITED STATES DISTRICT COURT FOR THE
            EASTERN DISTRICT OF OKLAHOMA

JASON W. BALES,                 )
                                )
          Plaintiff,            )
                                )
v.                              )    Case No. CIV-14-297-KEW
                                )
CAROLYN W. COLVIN, Acting       )
Commissioner of Social          )
Security Administration,        )
                                )
          Defendant.            )
```

## OPINION AND ORDER

Plaintiff Jason W. Bales (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and the case is REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on April 1, 1978 and was 34 years old at the time of the ALJ's decision. Claimant completed his education through the ninth grade. Claimant has worked in the past as a highway construction laborer, maintenance and janitor worker, and glass recycler. Claimant alleges an inability to work beginning June 16, 2006 due to limitations resulting from low back pain, hip pain, pain in her feet, hands, shoulders, legs, neck, leg numbness, and depression.

3

**Procedural History**

On May 12, 2011, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On November 6, 2012, an administrative hearing was held before Administrative Law Judge ("ALJ") Gene M. Kelly in Tulsa, Oklahoma. He issued an unfavorable decision on December 7, 2012. The Appeals Council denied review of the ALJ's decision on May 20, 2014. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform both sedentary and light work with limitations.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to properly evaluate whether Claimant's impairments met or equaled a listing; (2) failing to properly evaluate the medical source evidence; and (3) failing to perform a proper credibility

determination.

## Evaluation of Listings

In his decision, the ALJ found Claimant suffered from the severe impairments related to his back, depression, anxiety, neck, hands, legs, feet, shoulders, and hips. (Tr. 22). The ALJ determined Claimant retained the RFC to perform sedentary and light work. In so doing, the ALJ found Claimant was able to lift and carry 20 pounds occasionally, stand and walk eight hours in an eight hour workday, sit for six hours in an eight hour workday, occasionally climb, bend, stoop, squat, kneel, crouch, crawl, operate foot controls, reach overhead with the right upper extremity, and occasionally twist the torso. The ALJ determined Claimant had a slight limitation in the ability to push and pull with the right upper extremity, a slight limitation in fingering, feeling, and gripping such that he should not be doing a lot of extensive small, tedious tasks with his fingers and hands, like working with nuts and bolts.

The ALJ also found Claimant had a slight limitation in twisting his head, but he should be able to twist his head more than occasionally, but less than continuously. Claimant should avoid temperature extremes, rough and uneven surfaces, unprotected heights, fast and dangerous machinery. Claimant required easy access to restrooms such that restrooms are available and on-site.

Claimant was found to be able to perform simple, routine, and repetitive tasks.

The ALJ continued his recitation of Claimant's limitations by stating in his RFC findings that Claimant had a slight limitation in contact with the public, co-workers, and supervisors. Claimant was found to be able to interact with the public on a brief and cursory basis, such as fast food worker's contact with the public or work as a bank teller, although this work would be more complex than Claimant was found to be able to do. Claimant's interaction with co-workers should be brief and cursory. Claimant should not be an integral member of a team who will participate in goal setting or process planning. The ALJ determined Claimant was able to perform with routine supervision. He had the symptomatology from a variety of sources that produced mild to moderate to chronic pain that was of sufficient severity to be noticeable to him at all times but he should be able to remain attentive and responsive in a work setting and should be able to carry out normal work assignments. Additionally, Claimant took medication that could produce some symptomatology, but the ALJ determined Claimant should be able to perform as restricted in a work setting. (Tr. 24-25).

After consulting with a vocational expert, the ALJ concluded that Claimant could perform the representative jobs of arcade attendant, video clerk, and clerical mailer, all of which the ALJ

6

determined existed in sufficient numbers in both the regional and national economies. (Tr. 31). As a result, the ALJ determined Claimant was not under a disability from June 16, 2006 through the date of the decision. Id.

Claimant contends the ALJ did not make the necessary findings before concluding he did not meet or equal Listing § 1.04. The ALJ stated in his decision that he considered Claimant's back complaints under this listing pertaining to spinal disorders, but concluded that "the record is absent objective (sic) findings necessary to conclude that the claimant's impairments meet Listing 1.04 criteria." (Tr. 23).

The portion of Listing § 1.04 which is applicable in this case states:

> *Disorders of the spine* (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebra fracture), resulting in compromise of a nerve root (including cauda equina) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)
>
> * * *

At step three, Claimant bears the burden of demonstrating that

7

her condition meets or equals all of the specified criteria of the particular listing. Sullivan v. Zebley, 493 U.S. 521, 530 (1990). Although Claimant cites to portions of the medical record to indicate he was diagnosed with nerve root compression, none of the cited records expressly make that finding. (Tr. 304, 306-08, 311, 345). He did experience some limitation of motion in his spine as evidenced in the record. (Tr. 283, 291, 339). Claimant also suffered some muscle weakness. (Tr. 283, 291). He experienced some sensory loss. (Tr. 306, 345). He also had positive straight leg raising upon testing. (Tr. 340, 345). Because not all of the listing criteria have been met, the ALJ did not err in finding Claimant failed to meet or equal Listing § 1.04.

Claimant also asserts the ALJ failed to fully consider the effects of his obesity as a non-severe impairment. The ALJ found no functional limitations upon Claimant based upon his obesity. (Tr. 22). An ALJ is required to consider "any additional and cumulative effects" obesity may have upon other conditions from which a claimant suffers, recognizing that obesity combined with other impairments may increase the severity of the condition. Soc. Sec. R. 02-1p. However, as recognized by the Tenth Circuit Court of Appeals, speculation upon the effect of obesity is discouraged.[2]

---

[2] "[W]e will not make assumptions about the severity or functional effects of obesity combined with other impairments." Soc. Sec. R. 02-01p.

*See*, Fagan v. Astrue, 2007 WL 1895596, 2 (10th Cir.). No medical evidence is present in the record to indicate Claimant's obesity has restricted his ability to work or exacerbated any other of his severe or non-severe impairments. Although Claimant contends the report of the consultative examiner, Dr. William Grubb, indicates Claimant's obesity posed such a limitation, the report only references obesity as a condition from which Claimant suffers and not as a condition which poses a functional limitation. (Tr. 337).

**Evaluation of Medical Source Evidence**

Claimant asserts the ALJ failed to properly evaluate the opinion of his treating physician, Dr. Emil Milo, an orthopedic surgeon. In a report from December 5, 2006, Dr. Milo opined that Claimant "should talk to his Workman's Compensation carrier for retraining, in view of his young age, for something lighter and more sedentary." (Tr. 295). The ALJ recognized this limitation, stating in his decision, "the undersigned infers that by the use of these terms, Dr. Milo meant that the claimant could not do heavy work, but that he could return to some work at a lower level. Ex. 2F. To the extent that this is an opinion, it is given great weight." (Tr. 29).

In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d

9

1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2);

Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted).

While it is unclear whether giving Dr. Milo's opinion "controlling weight" would alter the ultimate conclusion regarding the ALJ's findings, the ALJ was required to consider the Watkins factors in assessing the weight to which the treating physicians' opinion is entitled.

Claimant also challenges the manner in which the ALJ assessed the weight to the opinions of the consultative examiner, Dr. Kenneth R. Trinidad - to whose opinion the ALJ afforded "some weight, but less weight than the opinion of Dr. Boone" (Tr. 27) and Dr. R. Tyler Boone - whose opinion was given "great weight, but not significant weight" by the ALJ. (Tr. 29). All of these assessments smack of arbitrariness in their conclusions since the ALJ does not proceed through the evaluative factors required by the case authority. His employment of some nonstandard terms in assessing the weight to the opinions gives this Court little reference in determining the relative weight between the opinion. On remand, the ALJ shall

11

expressly consider the weight of each of the referenced opinions utilizing the conventional factors urged by the Tenth Circuit Court of Appeals.

### Credibility Determination

Claimant also contends the ALJ improperly assessed his credibility. It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any

12

other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3. It must be noted that the ALJ is not required to engage in a "formalistic factor-by-factor recitation of the evidence." Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000).

The ALJ recited Claimant's testimony that he drives approximately 150 miles per week delivering and picking up his child to school. He suffers from no medicinal side effects but takes pain medication and hot showers to relieve his pain. He performs some house work, occasionally cooks, and occasionally watches television and reads. Claimant experiences problems with reading comprehension. He has gained weight over the last year, has problems sleeping and is uncomfortable. Claimant stated he can stand for about 15 minutes, sit for about an hour, and walk about three blocks. Temperature and weather affects him. He is depressed. (Tr. 25-26).

The ALJ gave short consideration to Claimant's testimony, utilizing the boilerplate and wholly uninformative statement that

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.
> 
> (Tr. 26).

This Court has on many occasions stated that this finding is improper because it necessarily states that an RFC has been determined before Claimant's testimony has been considered. Moreover, this statement consists of the entirety of the ALJ's credibility assessment which is not helpful to this Court's analysis of the propriety of the evaluation. The ALJ appears to completely reject Claimant's statements considering the level of restriction but then states that his testimony was not completely discounted as he will have "some difficulties." (Tr. 29). The ALJ then appears to endorse testimony from Claimant and Dr. Boone which supports that he can perform sedentary work – an inconsistent finding with his RFC which states he can perform both sedentary and light work. (Tr. 24). On remand, the ALJ shall properly assess Claimant's credibility and correct the inconsistencies in his decision.

**Conclusion**

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED this 28th day of September, 2015.

                                              _____
                                              KIMBERLY E. WEST
                                              UNITED STATES MAGISTRATE JUDGE