**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

JASON W. BALES, )
 )
         Plaintiff, )
 )
v. ) Case No. CIV-14-297-KEW
 )
CAROLYN W. COLVIN, Acting )
Commissioner of Social )
Security Administration, )
 )
         Defendant. )

**OPINION AND ORDER**

      This matter comes before the Court on Claimant's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act (Docket Entry #22 and Claimant's Supplemental Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act (Docket Entry #27). By Order and Opinion entered September 28, 2015, this Court reversed the decision of the Commissioner to deny Claimant's applications for disability insurance benefits under Title II of the Social Security Act and for supplemental security income under Title XVI of the Social Security Act and remanded the case for further proceedings.

      In the Motion, Claimant seeks attorney's fees for 33.50 hours of time expended by his attorney at the stipulated fee rate for a total request of $6,301.60 under the authority of the Equal Access to Justice Act ("EAJA"). Because Claimant filed a reply to the first Motion, he filed a supplemental fee motion seeking an additional $1,767.20 for 9.40 hours expended in preparing the reply. However, Claimant's attorney voluntarily reduced the

request made in the Supplemental Motion by 20% to $1,413.76. The Commissioner contests the award of EAJA fees, contending her position in the underlying case was substantially justified.

EAJA provides that a prevailing party other than the United States shall be awarded fees and costs unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). With respect to EAJA applications in Social Security cases, Defendant has the burden of showing that her position was substantially justified. Hadden v. Bowen, 851 F.2d 1266, 1267 (10th Cir. 1988). Defendant must prove that, even if her position is incorrect, her case had a reasonable basis in law and in fact. Id. To establish substantial justification, Defendant must show that there is a genuine dispute and that reasonable people could differ concerning the propriety of a particular agency action. Pierce v. Underwood, 487 U.S. 552, 565 (1987). The government's "position can be justified even though it is not correct . . . and it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct . . . ." Id. at 566 n.2.

Clearly, Claimant constituted the prevailing party in accordance with this Court's decision. The Commissioner contends that the ALJ was not required to expressly consider the factors in Watkins v. Barnhart, 350 F.3d 1297, 1300-01 (10th Cir. 2003) in assessing the weight given to the opinion of a treating physician.

The Commissioner is correct so long as the ALJ's reasoning in arriving at a lesser weight is evident from the decision itself. In this instance, the ALJ's weight assessment was considered arbitrary because he utilized non-standard terms in his evaluation and the ALJ provided little in the way of an analysis or a recitation of supportive evidence to buttress his conclusions. Without this support, the ALJ at a minimum must proceed through the <u>Watkins</u> analysis. This omission did not substantially justify the Commissioner's position in this review.

The Commissioner next contends that the ALJ's credibility assessment was substantially justified. The ALJ used the boilerplate language which suggests that Claimant's credibility was not assessed until after the RFC was determined. The Commissioner frequently urges this Court to take the ALJ at his word that he considered a piece of evidence even though he does not expressly state he did so. In this instance, the totality of the ALJ's analysis of Claimant's credibility was this statement which expressly discounts any statement made by Claimant which was inconsistent with the already determined RFC. This Court takes the ALJ at his word that this is the manner in which he assessed Claimant's credibility. The assessment was not substantially justified. Consequently, Plaintiff is entitled to the attorney fees expended in the preparation of the briefing in the case and in the filing of a reply.

IT IS THEREFORE ORDERED that Claimant's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act (Docket Entry #22 and Claimant's Supplemental Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act (Docket Entry #27) are **GRANTED** and that the Government be ordered to pay Plaintiff's attorney's fees in the total amount of $7,715.36. In accordance with the ruling of the Tenth Circuit Court of Appeals, the award shall be made to Plaintiff as the prevailing party and not directly to Plaintiff's counsel. Manning v. Astrue, 510 F.3d 1246, 1255 (10th Cir. 2007); 28 U.S.C. § 2412(b). In addition, should Plaintiff's counsel ultimately be awarded attorney's fees pursuant to 42 U.S.C. § 406(b)(1), counsel shall refund the smaller amount to Plaintiff. Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 5th day of April, 2016.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE